## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.: 12-01076 (ESL)** |
| **NATIONAL PROMOTERS & SERVICES, INC.** | |
| **Debtor** | **CHAPTER 11** |

## MOTION TO SET ASIDE ORDER PROHIBITING
## THE USE OF CASH COLLATERAL AND TO SHOW CAUSE

**TO THE HONORABLE COURT:**

**COMES NOW** National Promoters & Services, Inc., hereinafter the Debtor, through the undersigned attorney and very respectfully STATES and PRAYS:

1. On June 5, 2013, LSREF2 Island Holdings LTD, Inc., ("Island Holdings") filed a motion entitled "Urgent Motion For Entry of Order Prohibiting the Use of Island Holding's Cash Collateral and For Adequate Protection" ("The Cash Collateral Motion") (Docket 183)[1] The Cash Collateral Motion provided an reduced objection period of seven (7) days.

2. On June 6, 2013, at 12:25 PM, Island Holdings filed a motion entitled "Motion Submitting Document". (Docket 181)  In this motion Island Holdings submitted Exhibit 1 to the Cash Collateral Motion.  This document was the only documentary evidence submitted by Island Holdings in support of the allegations contained in the Cash Collateral Motion.

3. On June 6, 2013 at 2:41 PM, this Honorable Court, in less than 24 hours after the filing of the Cash Collateral Motion and barely two hours after the filing of Island Holdings'

---

[1] The Cash Collateral motion was filed at 7:39 PM.

1

exhibit, entered an Order prohibiting the Debtor's use of Island Holdings' alleged cash collateral. (Docket 182)

4. The Cash Collateral Order was entered without allowing the Debtor the opportunity to respond provided by the Bankruptcy Rules of Procedure, nor the limited objection period of seven (7) days stated in the Cash Collateral Motion.

5. Upon receipt and review by the undersigned of the Cash Collateral Motion a letter under the safe harbor provisions of Rule 9011 was sent to counsels for Island Holdings.  In this letter the undersigned requested that Island Holdings withdraw the Cash Collateral Motion or correct the same in order to eliminate false statements of facts upon the Order was issued.  **Exhibit 1**

6. The undersigned advised counsel for Island Holdings of the following issues:

   a. Preliminary Statement at page 1: "Counsels for the parties have discussed the possibility of entering into a cash collateral stipulation and/or for payment of adequate protection to Island Holdings, yet no such agreement exists." - **This statement is completely false. We never entered into cash collateral discussions.** The alleged cash collateral right was first mentioned at the end of the hearing held on June 3, 2013, where it was acknowledged by the Court that a cash collateral request has never been made nor was part of the pending matters in the case.

   b. Preliminary Statement at page 1: "Notwithstanding the foregoing, the Debtor has admitted it is currently using Island Holdings' cash collateral without an agreement to do so.  This has left Island Holdings without adequate protection, which it has demanded at no avail, and continues to demand now"- **This statement completely is false. We never entered into cash collateral discussions.**

   c. Items 8 and 9 of the Motion at page 3: "8. Since the petition date, the Debtor has not deposited any payments on account receivables in any segregated accounts at Island

2

Holdings. 9. Island Holdings explicitly informed the Debtor. No agreement has been reached." - **These statements are false and misleading.**

7. The record of the case shows that prior to the filing of the Cash Collateral Motion Island Holdings had not made a claim for such right, nor had the parties entered into an agreement as to the validity of the exhibit brought for the first time on June 6. As of this date Island Holdings has failed to show the Court and the Debtor that it has a filed financing statement in order to perfect such right.

8. The Debtor understands that these false and misleading statements may have induced this Honorable Court to hastily enter the order prohibiting the use of the "alleged cash collateral" within hours of the filing of such extraordinary request. Therefore it is requested that the same be set aside pursuant to Rule 9024 (b)(3) of the Federal Rules of Bankruptcy Procedure.

9. Island Holdings recognized the false and misleading statement and filed its amended motion for use of cash collateral, alleging that certain factual allegations were "inadvertently included" and voluntarily stricken. (Docket 183)

10. The document entitled "Assignment of Leases and Rents" was never produced through discovery by Island Holdings, nor by its predecessor, Firstbank. Nor does such document form part of the supporting documents to the proof claim filed by Firstbank at Docket 40.

11. In sum, the alleged cash collateral issue was never raised by Island Holdings in its prior pleadings to this Honorable Court, even though they requested numerous alternate remedies in the six simultaneous motions filed by this creditor on April 30, 2013. Nor was this assignment of leases ever submitted as an exhibit of its prior motions.

12. Upon the receipt of the assignment of leases document and the order of this Honorable Court the Debtor reviewed once again its records and the records of the Department of

State in order to determine if a security interest was ever perfected against the proceeds of the leases currently held by the Debtor and therefore such proceeds constitute Island Holdings' cash collateral.

13. The Debtor has identified only three financing statements filed in the Department of State. The same are the ones attached in Docket 40 and relate to an assignment to Service Agreements, not an assignment of leases. (Please refer to Dockets 40-35, 40-36 and 40-37) They are herein included as **Exhibit 2**.

14. All of the service agreements subject to assignment to the bank have expired. Therefore, there are no cash collateral rights under the security agreements which were indeed perfected by the creditor at that time, Firstbank and which Island Holdings has succeeded.

15. The assignment of leases and rents was never recorded, nor was a financing statement filed with the Department of State in order to perfect a security interest in the Debtor's personal property. Island Holdings has failed to submit copy of such financing statement, if the same exists.

16. Therefore, Island Holdings does not hold a security over the leases and the rent proceeds, as they are claiming in the Cash Collateral Motion.

17. Furthermore, pursuant to Puerto Rico law un the Commercial Transactions Act of 1995, as amended, a financial statement must be filed in order to perfect all security interests except for a narrow list included in Section 2102. 19 LPRA 2102.

18. Furthermore, Section 2002 of the Commercial Transactions Act of 1995, as amended, provides that the provisions of that title will apply to all transactions (regardless of its form) in which it is intended to create a security interest in personal property, including

those created by pledge, assignment, chattel mortgage, factor's lien, conditional sale, trust receipt or other lien or title retention contract and lease or consignment intended as security. 19 LPRA 2002 (1) and (2). In re: Decker Construction, Inc., 461 BR 143 (Bkrtcy. D.P.R. 2011)

19. This section also provides that the Civil Code of Puerto Rico's provisions regarding pledges and with respect to transmissions of credits ("assignments") shall not apply to the transactions governed by the Commercial Transactions Act of 1995. 19 LPRA 2002 (4).

20. Decker Construction, *supra*, provides that in order for a security interest to be perfected over personal property, including chattel papers and accounts, the financing statement **must** be filed at the Puerto Rico Department of State citing 19 LPRA 2151. In the *Decker's* case the creditors asserted competing rights over the Debtor's account receivables pursuant to an executed assignment of account receivables.

21. The sole legal argument brought forth by Island Holdings in the Cash Collateral Motion in order to sustain that it holds a perfected security interest over the Debtor's leases and their proceeds is made in accordance with the case of Building Maintenance v. Hato Rey Executive, 109 DPR 656 (1980). This case is clearly distinguishable and inapplicable to the case at bar. The enactment of Commercial Transactions Act of 1995 makes the case cited by Island Holdings inapplicable. This case pre dates the adoption by the Commonwealth of Puerto Rico of the nine (9) of thirteen (13) articles of the Model Uniform Commercial Code ("The UCC").

22. The case cited by Island Holdings is not the current law of the case, nor the prevailing required standard for the perfection of a security interest over personal property pursuant to local law. Therefore, its ruling with respect to the authentication requirements in order

to perfect a security interest on an assignment of leases was substituted by the provisions of the Commercial Transactions Act cited above.

23. Island Holdings has failed to present any evidence of its perfected security interest over the personal property it seeks cash collateral rights. Furthermore, the only financing statements that have been included as part of the supporting documents for its proof of claim relate to specific Service Agreements of the Debtor which elapsed.

24. It has been also stated in In re: Carlos F. Escribano & Co., 433 BR 59 (Bkrtcy. D.P.R. 2010) as follows:

A "security interest" here is defined as "a right in rem in personal property or real property by destination which secures payment or performance of an obligation." 19 L.P.R.A. § 451(37)……

A security interest under the PR-UCC is not enforceable and does not attach unless there is first an agreement between the parties regarding possession and control of the collateral, a value has been given over said collateral, and the debtor retains rights in it. 19 L.P.R.A § 2053. Additionally, a UCC security interest cannot be perfected until first filed in either the Registry of Property or the office of the Secretary of State and requires the submission of a financing statement which must be signed by the debtor. 19 L.P.R.A §§ 2151, 2152.

25. Therefore Island Holdings does not have a perfected security interest in Debtor's rents, that would allow it to any preferential right over the rent proceeds generated by the leases held by the Debtor. Upon its failure to provide evidence of its perfected security interest over the rents, Island Holdings does not have any cash collateral rights, or any right to receive adequate protection.

26. Rents, like cash proceeds from the sale of inventory and the collection of account receivables are denominated "cash collateral" when included within a creditor's security interest. 11 USC 363. Therefore, in order for a creditor to receive adequate protection it needs to prove that it has a perfected security interest over such cash collateral.

27. It is not until the creditor complies with this threshold matter that the Court can entertain the second prong of an adequate protection request, which is if the value of the creditor's interest in the property is declining.

28. Island Holdings has failed to meet the threshold burden of evidencing that it has a perfected security interest. Therefore, it is not entitled to adequate protection.

## DEBTOR'S POSITION AS TO THE REQUEST FOR ADEQUATE PROTECTION

29. Furthermore, even in the light less favorable to the Debtor and assuming that this Honorable Court understands that the inapplicable legal arguments regarding perfection raised by Island Holdings are correct, which we dispute, it has been established that in the specific case of rents, adequate protection does not need to be provided if the rents are being renewed on a monthly basis and are not declining in value. More so, when the Debtor is current in its post petition real estate taxes and insurance over the real estate property is kept. In re: Mullen, 172 BR 473 (Bankrtcy. Mass. 1994)

30. In this case the rents have not decreased. On the contrary, the Debtor has recently obtained new lessees for the premises. The Debtor is also current in its post petition tax payments and insurance. **Exhibit 3**

31. If Island Holdings were to have any interest over the property in question, which we deny, the same is protected.

32. The Debtor herein requests that this Honorable Court SET ASIDE the Cash Collateral Order since (i) the same was originally granted based on false and misleading statements of the facts, (ii) the Debtor was not provided an opportunity to respond prior to the entry of such order, (iii) Island Holdings does not hold a perfected security interest pursuant to the Commercial Transactions Act, 19 LPRA 401 et seq., (iv) the case law cited by Island

7

Holdings is inapplicable to the case at bar, since it pre-dates the Commercial Transactions Act and therefore, Island Holdings interpretation of the case is inapposite and erred.

33. Furthermore, it is requested that this Honorable Court determine that Island Holdings does not hold a perfected security interest over the Debtor's leases and rents and that it is not entitled to adequate protection.

**WHEREFORE** for the above stated reasons the Debtor very respectfully requests that the order prohibiting the use of cash collateral be set aside and Debtor's compliance with the Order to show cause entered on June 6, 2013.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of June 2013.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF System, which will send notification of such filing to the US Trustee and the parties therein registered to receive Notice as follows:

LOURDES ARLENE ARROYO PORTELA    larroyo@amgprlaw.com, s

LAURA BELENDEZ FERRERO    lbelendez@ferraiuoli.com

REBECA CAQUIAS MEJIAS    rcaquias@fgrlaw.com,

SONIA COLON COLON    soniaecolon@gmail.com

MARIA MERCEDES FIGUEROA Y MORGADE    figueroaymorgadelaw@yahoo.com

YASSMIN GONZALEZ VELEZ    ygonzalez@phgslaw.com

ALICIA I LAVERGNE RAMIREZ    alavergne@ailrlaw.com, alavergneramirez@gmail.com

MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov

SHARLENE M MALAVE VALLINES    smalave@amgprlaw.com,

HECTOR EDUARDO PEDROSA LUNA    hectorpedrosa@gmail.com

MARC S PFEUFFER    pfeuffer.marc@pbgc.gov, efile@pbgc.gov

ALEJANDRO A SUAREZ CABRERA    Alejandro.Suarez@cfse.gov.pr,

YASMIN ROCIO VAZQUEZ VAZQUEZ    yrvlaw@yahoo.com, yasvazquez@yahoo.com

**C. CONDE & ASSOC.**
/s/Luisa S. Valle Castro
Luisa S. Valle Castro, Esq.
(USDC No. 215611)
254 San José Street, 5th Floor
Old   San   Juan,   Puerto   Rico   00901
Telephone:  787-729-2900
Facsimile:  787-729-2203
E-Mail: *ls.valle@condelaw.com*



**C. CONDE & ASSOC.**
LAW OFFICES
254 SAN JOSÉ STREET
SUITE 5
SAN JUAN, PUERTO RICO 00901-1523
TELEPHONE (787) 729-2900
TELECOPIER (787) 729-2203
E-mail: condecarmen@microjuris.com

June 7, 2013

**BY EMAIL and CERTIFIED MAIL**

Sonia Colón, Esq.
Email: soniaecolon@gmail.com
Javier Vilariño, Esq.
Email: jvilarino@ferraiouli.com
Ferraiouli LLC
221 Plaza, 5th Floor
221 Ponce de León Ave.
San Juan, PR 00917

Re: National Promoters and Services, Inc.
Case No.; 12-01076 (ESL)

Dear Ms. Colón and Mr. Vilariño:

On June 5, 2013, you filed an Urgent Motion For Entry of Order Prohibiting the Use of Island Holding's Cash Collateral and For Adequate Protection. ("The Cash Collateral Motion") (Docket 180). Thereafter you filed on June 6, 2013 a "Motion Submitting Document" where you included a document entitled "Assignment of Leases and Rents" in support of your motion. (Docket 181). This letter is made in accordance to the safe harbor provisions of Rule 9011 ( c )(b) of the Federal Rules of Bankruptcy Procedure which provides as follows:

( C ) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
...(b) It shall be served as provided in Rule 7004. The motion for sanctions may not be filed or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted the Court may award the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates or employees.

We herein request that the Motion be withdrawn and/or corrected in order to reflect the true events which transpired between the parties and their counsels. The following statements contained in the motion are false, misleading and have tarnished the undersigned's reputation and professional image:

1. Preliminary Statement at page 1 you state: "*Counsels for the parties have discussed the possibility of entering into a cash collateral stipulation and/or for payment of adequate protection to Island Holdings, yet no such agreement exists.*" - **This statement is false. We have never entered into cash collateral discussions.** No reference has ever been made in any of your prior motions to any alleged cash collateral rights nor reference was ever made to, nor was Exhibit 1 to the Motion previously produced by you, nor discussed among us. The first time that the issue of cash collateral was ever mentioned by you verbally or through any motion or letter was at the end of the hearing held on June 3, 2013. It was even acknowledged by the Court that a cash collateral request has never been made by your client nor was it part of the pending matters in the case.

2. Preliminary Statement at page 1 you state:"*Notwithstanding the foregoing, the Debtor has admitted it is currently using Island Holdings' cash collateral without an agreement to do so. This has left Island Holdings without adequate protection, which it has demanded at no avail, and continues to demand now*"- **This statement is false. We have never entered into cash collateral discussions.** The Debtor has never admitted it has been using Island Holdings' cash collateral. This matter has never been discussed by the parties, nor has the Debtor ever made any reference to any alleged cash collateral in the pleadings or communications to you or your client.

3. Items 8 and 9 of the Motion at page 3 you state: "*8. Since the petition date, the Debtor has not deposited any payments on account receivables in any segregated accounts at Island Holdings. 9. Island Holdings explicitly informed the Debtor. No agreement has been reached.*" - **These statements are false and misleading.** You have never made any request to the undersigned for deposits to be made in a segregated account at Island Holdings. Your pleadings do not make reference to any request, as you aver. At all times conversation related to adequate protection have been held in the scope of your motion and your allegations.

Furthermore, we have reviewed Proof of Claim #7 and Docket 40 which contain the supporting documents of such claim. The Assignment of Leases and Rents referenced as Exhibit 1 to the Motion was not included as part of the supporting documents of Claim #7, nor has this document previously been submitted by you to the undersigned through discovery or as part of the documents intended to be used at the evidentiary hearing. You have concealed this evidence and have not been forthcoming. Finally, the financing statements that are included in Docket 40 and which were referenced by you in discovery, refer to service agreements and not to lease agreements or assignment of rents.

For the above stated reasons we demand that you withdraw the Motion and correct the false statements made to the Court. If these statements are not corrected or the Motion is not withdrawn

we will have no other alternative than to seek sanctions against you and your firm pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9011-3.

With nothing further I remain,

Cordially,

Luisa S. Valle Castro

Case:12-01076-ESL11 Doc#:40-39 Filed:06/06/12 Entered:06/06/12 12:49:57 Desc:
Schedule Filed 07/23/2013 Page 1 of 1

FIRSTBANK PUERTO RICO
BOX 9146
SANTURCE, PR 00908

Núm Registro (File #): 2003002027

FINANCING OFICIAL.

ESTADO LIBRE ASOCIADO DE
PUERTO RICO
COMMONWEALTH OF PUERTO RICO

Número de Archivo / TRANSACCIONES
Filing Number: COMERCIALES

Fecha de Archivo: 03 JAN -3 PM 4:24
Filing Date:

Hora: _____
Time:

Esta Declaración de Financiamiento es presentada para archivo de acuerdo con el
This Financing statement is presented for filing pursuant to Chapter 9 of the

Capítulo 9 de la Ley de Transacciones Comerciales a:
Commercial Transactions Act to:

[X]  Oficina del Secretario de          [ ]  Registro de Vehículos de Motor y Arrastres
     Estado de Puerto Rico                   del Departamento de Transportación y Obras Públicas

Nombre del Deudor (o Cedente)     NATIONAL PROMOTERS AND SERVICES, INC.
Name of Debtor (or Assignor)

Dirección (dirección postal:      510 Muñoz Rivera Ave.
Address:                          San Juan, P.R. 00918

Número Seguro Social:             66-031-1725
Social Security Number:

Nombre del Acreedor garantizado (o Cesionario)  FIRSTBANK PUERTO RICO
Name of Secured Party (or Assignee)

Dirección: Box 9146              1519 Ponce de León Avenue
Address    Santurce, P.R. 00908  Santurce, P.R.    00909

(1) Esta declaración de financiamiento cubre las siguientes clases de propiedad (artículos):
(1) This financing statement covers the following types (or items) of property:

   (a)  Rights, interest and proceeds to that certain Services Contract
        dated December 23, 2002, between National Promoters and Services,
        Inc. and National Life Insurance Company.

   (b)  Rights, interest and proceeds to that certain Services Contract
        dated December 23, 2002, between National Promoters and Services,
        Inc. and National Insurance Company.

(2) (Si se reclama el producto de propiedad gravada) El producto de la propiedad está
cubierta.
(2) (If products of collateral are claimed) Products of the collateral are also covered.

     (Use cualquiera que sea aplicable)
     (Use whichever is applicable)

FIRSTBANK PUERTO RICO                 NATIONAL PROMOTERS AND SERVICES, INC.
     (Secured Party)                            (Debtor)

By: _____            By: _____
     Vivian Arteaga                       Carlos M. Benítez Rivera
     Vice President                            President

Affidavit Number: 1818

     Acknowledged and subscribed to before me in San Juan, Puerto Rico, this 24th day of
December, 2002, by the above signed persons, in the capacities and representations stated
above, who are of legal age, single, respectively, executives, and residents of San Juan,
Puerto Rico, both personally known to me.

NOTARY PUBLIC

DECLARACION DE FINANCIAMIENTO
FINANCING STATEMENT

Número de Archivo: _____
Filing Number:

Fecha de Radicación: _____
Filing Date:

Hora: _____
Time:

Esta Declaración de Financiamiento es presentada para archivo de acuerdo con el
This Financing statement is presented for filing pursuant to Chapter 9 of the

Capítulo 9 de la Ley de Transacciones Comerciales a:
Commercial Transactions Act to:

[X]  Oficina del Secretario de          [ ]  Registro de Vehículos de Motor y Arrastres
     Estado de Puerto Rico                   del Departamento de Transportación y Obras Públicas

Nombre del Deudor (o Cedente)    NATIONAL PROMOTERS AND SERVICES, INC.
Name of Debtor (or Assignor)     a Puerto Rico corporation

Dirección (dirección postal):    510 Muñoz Rivera Ave.
Address:                         San Juan, P.R. 00918

Número Seguro Social:            XX-XXX-1725
Social Security Number:

Nombre del Acreedor garantizado (o Cesionario)   FIRSTBANK PUERTO RICO
Name of Secured Party (or Assignee)

Dirección:  Box 9146                    1519 Ponce de León Avenue
Address     Santurce, P.R. 00908        Santurce, P.R.   00909

(1) Esta declaración de financiamiento cubre las siguientes clases de propiedad (artículos):
(1) This financing statement covers the following types (or items) of property:

                    See Exhibit A attached

(2) (Si se reclama el producto de propiedad gravada) El producto de la propiedad está
cubierta.
(2) (If products of collateral are claimed) Products of the collateral are also covered.

        (Use cualquiera que sea aplicable)
        (Use whichever is applicable)

FIRSTBANK PUERTO RICO                    NATIONAL PROMOTERS AND SERVICES, INC.
    (Secured Party)                              (Debtor)

By: _____              By: _____
    Vivian Arteaga                            María Julia C. De García
    Vice President                            Treasurer

Affidavit Number: ___3481___

Acknowledged and subscribed to before me in San Juan, Puerto Rico, this 28th day of
September, 2007, by the above-signed persons, in the capacities and representations stated
above, who are of legal age, single and married, executives, and residents of San Juan and
Bayamón, Puerto Rico, respectively, both personally known to me.



                            NOTARY PUBLIC

EXHIBIT A TO FINANCING STATEMENT

DEBTOR:   NATIONAL PROMOTERS AND SERVICES, INC.(XXX-XX-1725)
SECURED PARTY: FirstBank Puerto Rico
DATED: September 28, 2007

The Security Collateral described hereinbelow covers all of debtors rights, title and interest secured by the Security Agreement executed on this date between Debtor and Secured Party. Terms not otherwise defined herein shall have the meaning ascribed to them in the Security Agreement.

(a) the following Service Agreements:

1. Service Contract dated January 2, 2007 between National Promoters and Services, Inc. and National Premium Finance Co.

2. Service Contract dated January 2, 2007 between National Promoters and Services, Inc. and Inscom Systems, Inc.

3. Service Contract dated January 2, 2007 between National Promoters and Services, Inc. and Insurance Adjusters & Appraisers, Inc.

4. Service Contract dated January 2, 2007 between National Promoters and Services, Inc. and National Life Insurance Company.

5. Service Contract dated January 2, 2007 between National Promoters and Services, Inc. and National Insurance Company.

6. Service Contract dated January 2, 2007 between National Promoters and Services, Inc. and Carlos M. Benítez, Inc.

(b) all proceeds of the foregoing Security Collateral. For purposes of this Financing Statement, the term "proceeds" includes whatever is receivable or received when the Security Collateral or proceeds thereof is sold, collected, exchanged, or otherwise disposed of, whether such disposition is voluntary or involuntary, and includes, without limitation, all rights to payment, including return premiums, with respect to any insurance relating thereto.

NATIONAL PROMOTERS AND SERVICES, INC.

By: _____
María Julia C. De García
Treasurer

DEPARTAMENTO DE ESTADO

FIRSTBANK PUERTO RICO
PO BOX 9146
SAN JUAN, PR 009089146

| Reservado para el oficial de archivo / Reserved for the filing officer | |
|---|---|
| Sello and date y hora: / Date and time stamp: | REGISTRO DE TRANSACCIONES COMERCIALES |
| | **2011 SEP -1 PM 1: 26** |

Núm Registro (File #): 2011004742

al dorso de esta forma.
rse side of this form.

-1A-PR

A. DEVOLVER COPIA A: / RETURN COPY TO: (Nombre y dirección postal / Name and mailing address)

Ledo. José J. Ledesma
Ledesma, Vargas & Villarrubia, PSC
Doral Bank Building, Suite 300
279 Ponce de León
San Juan, P.R. 00917

**1. NOMBRE DEL PRIMER DEUDOR / FIRST DEBTOR'S NAME** Complete sólo un nombre (a o b) / Insert only one name (a or b)

| a. Apellido del individuo / Individual's last name | | Primer Nombre / First Name | Segundo Nombre / Middle name | Sufijo / Suffix |
|---|---|---|---|---|
| b. Nombre de la entidad / Entity name | National Promoters and Services, Inc. | | | |
| c. Dirección postal / Mailing address | Ciudad / City | Estado / State | País / Country | Código Postal / Zip Code |
| 510 Muñoz Rivera | San Juan | PR | USA | 00918 |

d. (Opcional) Información adicional sobre la entidad / (Optional) Additional information about the entity

**2. NOMBRE DE DEUDOR ADICIONAL / ADDITIONAL DEBTOR'S NAME** Complete sólo un nombre (a o b) / Insert only one name (a or b)

| a. Apellido del individuo / Individual's last name | Segundo apellido / Second surname | Primer Nombre / First Name | Segundo Nombre / Middle name | Sufijo / Suffix |
|---|---|---|---|---|
| b. Nombre de la entidad / Entity name | | | | |
| c. Dirección postal / Mailing address | Ciudad / City | Estado / State | País / Country | Código Postal / Zip Code |

d. (Opcional) Información adicional sobre la entidad / (Optional) Additional information about the entity

**3. NOMBRE DEL ACREEDOR GARANTIZADO / SECURED PARTY'S NAME** Complete sólo un nombre (a o b) / Insert only one name (a or b)

| a. Apellido del individuo / Individual's last name | Segundo apellido / Second surname | Primer Nombre / First Name | Segundo Nombre / Middle name | Sufijo / Suffix |
|---|---|---|---|---|
| b. Nombre de la entidad / Entity name | FirstBank Puerto Rico | | | |
| c. Dirección postal / Mailing address | Ciudad / City | Estado / State | País / Country | Código Postal / Zip Code |
| P.O. Box 9146 | San Juan | PR | USA | 00908-9146 |

**4. ESTA DECLARACIÓN DE FINANCIAMIENTO CUBRE LAS SIGUIENTES CLASES O ARTÍCULOS DE PROPIEDAD:**
*THIS FINANCING STATEMENT COVERS THE FOLLOWING TYPES OR ITEMS OF PROPERTY:*

(i) Rights, interest and proceeds to that certain Services Contract dated January 4, 2011, between National Promoters and Services, Inc. and National Life Insurance Company, pursuant to Assignment of Service Agreements dated September 28, 2007 between Debtor and Secured Party.

(ii) Pursuant to Mortgage Notes Pledge and Security Agreement between Debtor and Secured Party, dated December 28, 2001, as amended on September 28, 2007, the following bearer mortgage notes:

1. Mortgage Note, payable on demand, to the order of Bearer, in the principal amount of $6,700.00, issued on December 28, 2001 before Notary Public José J. Ledesma, affidavit number 1446;

2. Mortgage Note, payable on demand, to the order of Bearer, in the principal amount of $100,000.00, issued on September 28, 2007 before Notary Public José J. Ledesma, affidavit number 3484;

**5. MARQUE SI APLICA / CHECK IF APPLICABLE** (Describa la propiedad en el apéndice / Describe the real estate in the addendum)
☐ Los bienes anteriores habrán de convertirse en inmuebles por su decisión. Esta declaración se presentará para registro en el Registro de la Propiedad.
*The goods described above are to become fixtures. This Financing Statement will be filed for record in the Real Estate Registry.*

**6. FIRMA(S) / SIGNATURE(S)**

| Primer deudor / First debtor | Deudor adicional / Additional debtor | Acreedor garantizado / Secured party |
|---|---|---|
| X | | |

**7. NOTARÍA (Opcional) / Notary (Optional)**

AFFIDAVIT NÚMERO / NUMBER:
Jurado y suscrito, ante mí por / Sworn and subscribed before me by:

En / In: _____

Fecha / Date: _____

Notario Público / Notary Public _____

Comprobante de Rentas Internas (copia amarilla) por la cantidad de $25.00 a la cifra de ingreso 1701
$25.00, payable on an Internal Revenue voucher (yellow copy) with income code 1701

Forma UCC-1PR (Rev. Julio 2010)

3

**NATIONAL PROMOTERS AND SERVICES, INC.**
425 AVENIDA MUÑOZ RIVERA
SAN JUAN, PUERTO RICO 00918

BANCO POPULAR DE PUERTO RICO
POPULAR CENTER
101-201/215

1107

1-marzo-2013

PAY TO THE
ORDER OF _____ CRIM _____ $ *11,495.04 ***

The sum TT495 8 04 CTS

_____ DOLLARS

MEMO Catastro 063-041-167-12-001

AUTHORIZED SIGNATURE

⑈00ⅈ107⑈ ⑊021502011⑊ 030⑈8360ⅈ8⑈

---



**CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES**
Notificación y Requerimiento de Pago De La Contribución Sobre la Propiedad Inmueble
Notification and Demand for Payment of Real Property Tax

2013

| REGULAR - BANCO | | | FECHAS / DATES | | |
|---|---|---|---|---|---|
| 2012-2013 | | | FECHA DE NOTIFICACION / NOTIFICATION DATE | FECHA DE VENCIMIENTO / DUE DATE | |
| NUMERO DE CATASTRO / P.I.N NUMBER | | AÑO FISCAL / BILL YEAR | 01/07/2012 | 01/01/2013 | |
| 063-041-167-12-001 | | 2012-2013 02 | TASACION Y CONTRIBUCION SOBRE LA PROPIEDAD INMUEBLE | ASSESMENT AND TAX AMOUNT FOR REAL PROPERTY | |
| | | MUNICIPIO / MUNICIPALITY | | | |
| | | 79 SAN JUAN | TIERRAS / LAND | EXONERACION / EXONERATION | |
| SEGURO SOCIAL / SOCIAL SECURITY | BANCO / BANK | NUMERO DE PRESTAMO / LOAN NUMBER | 150,270 | 0 | |
| XXX-XX-5929 | | | ESTRUCTURAS / STRUCTURES | VALOR NETO TRIBUTABLE / NET TAXABLE VALUE | |
| TIPO / RATE | | DIST. ESPECIAL / SPECIAL DISTRICT | 73,000 | 234,270 | |
| 10.330 | | | | | |
| USO / USE | | CABIDA / LAND SIZE | MAQUINARIA / MACHINERY | CONTRIBUCION / TAX AMOUNT 1er SEMESTRE | |
| 3001 | | 2,569.60M | 11,000 | 12,100.05 | |
| NOMBRE: NATIONAL PROMOTERS AND SERV NAME: | | | VALOR TOTAL / TOTAL VALUE | CONTRIBUCION / TAX AMOUNT 2do SEMESTRE | |
| | | | 234,270 | 12,100.04 | |
| LOCALIZACION: . HATO REY . AVE MUNOZ RIVERA 425 LOCATION ADDRESS: SAN JUAN | | | EXENCION / EXEMPTION | CONT. ANUAL/ANNUAL TAX | |
| | | | 0 | 24,200.09 | |
| | | | VALOR TRIBUTABLE / TAXABLE VALUE | * SEE IMPORTANT INFORMATION ON THE BACK | |
| | | | 234,270 | * VEA INFORMACION AL DORSO | |

Favor de comunicarse con su banco hipotecario antes de efectuar el pago. En el caso en que el banco no pague las contribuciones, es su responsabilidad pagarlas. Debe incluir el talonario de la notificación con su pago debidamente identificado.

A partir de 91 días después de la fecha de vencimiento se computarán intereses y después de 120 días de la fecha de vencimiento se computarán recargos. Contribución de años anteriores no aparece en ésta factura.

| CONTRIBUCION ADEUDADA / AÑO CORRIENTE / CURRENT TAX DUE | |
|---|---|
| FECHA / DATE | CANTIDAD ADEUDADA / AMOUNT DUE |
| HASTA / BY 31/01/2013 | 10,890.04 |
| HASTA / BY 02/03/2013 | 11,495.04 |
| HASTA / BY 01/04/2013 | 12,100.04 |
| ch 1107 | 11495.04 |
| *PRINCIPAL Y RECARGOS DE AÑO CORRIENTE CURRENT TAX AND SURCHARGE OUTSTANDING | PRINCIPAL Y RECARGOS DE AÑOS ANTERIORES PRIOR YEARS TAX AND SURCHARGE OUTSTANDING |
| 0 EXCLUYE INTERESES EXCLUDING INTEREST | 0 EXCLUYE INTERESES EXCLUDING INTEREST |

EL PAGO SE PUEDE HACER POR CORREO USANDO EL SOBRE ADJUNTO O EN CUALQUIER INSTITUCION FINANCIERA PARTICIPANTE.
PAYMENT CAN BE MADE BY MAIL USING THE ENCLOSED ENVELOPE OR AT SELECTED FINANCIAL INSTITUTIONS.




GOBIERNO DE PUERTO RICO

## CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES

Notificación y Requerimiento De Pago De La Contribución Sobre La Propiedad Inmueble
Notification and Demand for Payment of Real Property Tax

**REGULAR**
**2011-2012**

| | FECHAS / DATES | |
|---|---|---|
| FECHA DE NOTIFICACION NOTIFICATION DATE | FECHA DE VENCIMIENTO DUE DATE | |
| 01/07/2011 | 01/01/2012 | |

| NUMERO DE CATASTRO / PIN NUMBER | AÑO FISCAL / BILL YEAR |
|---|---|
| 063-041-167-12-001 | 2011-2012  02 |

MUNICIPIO / MUNICIPALITY
**79 SAN JUAN**

| SEGURO SOCIAL / SOCIAL SECURITY | BANCO / BANK | NUMERO DE PRESTAMO / LOAN NUMBER |
|---|---|---|
| XXX-XX-5929 | | |

| TIPO / RATE | DIST ESPECIAL SPECIAL DISTRICT |
|---|---|
| 1.033 | |

| USO / USE | CABIDA / LAND SIZE |
|---|---|
| 3001 | 2,569.60M |

| TASACION Y CONTRIBUCION SOBRE LA PROPIEDAD INMUEBLE | ASSESMENT AND TAX AMOUNT FOR REAL PROPERTY |
|---|---|
| TIERRAS / LAND | EXONERACION / EXONERATION |
| 1,502,700 | 0 |
| ESTRUCTURAS / STRUCTURES | VALOR NETO TRIBUTABLE NET TAXABLE VALUE |
| 730,000 | 2,342,700 |
| MAQUINARIA / MACHINERY | CONTRIBUCION / TAX AMOUNT 1er SEMESTRE |
| 110,000 | 12,100.05 |
| VALOR TOTAL / TOTAL VALUE | CONTRIBUCION / TAX AMOUNT 2do SEMESTRE |
| 2,342,700 | 12,100.04 |
| EXENCION / EXEMPTION | CONT ANUAL · ANNUAL TAX |
| 0 | 24,200.09 |
| VALOR TRIBUTABLE / TAXABLE VALUE | * SEE IMPORTANT INFORMATION ON THE BACK  *VEA INFORMACION AL DORSO |
| 2,342,700 | |

NOMBRE:
NAME: **NATIONAL PROMOTERS AND SERV**

LOCALIZACION   **HATO REY**
LOCATION ADDRESS   . AVE MUÑOZ RIVERA 425
SAN JUAN

Haga su pago al CRIM dentro de los 60 días a partir de la fecha de vencimiento para acogerse a los beneficios de descuento por ley. Incluya en el sobre predirigido el talonario de la notificación con su pago debidamente identificado.

A partir de 91 días después de la fecha de vencimiento se computarán intereses y después de 120 días de la fecha de vencimiento se computarán recargos. Contribución de años anteriores no aparece en ésta factura.

**CONTRIBUCION ADEUDADA / AÑO CORRIENTE /CURRENT TAX DUE**

| | FECHA / DATE | CANTIDAD ADEUDADA /AMOUNT DUE |
|---|---|---|
| HASTA / BY | 31/01/2012 | 10,890.04 |
| HASTA / BY | 01/03/2012 | 11,495.04 |
| HASTA / BY | 31/03/2012 | 12,100.04 |

| PRINCIPAL Y RECARGOS DEL AÑO CORRIENTE CURRENT TAX AND SURCHARGE OUTSTANDING | | PRINCIPAL Y RECARGOS DE AÑOS ANTERIORES PRIOR YEARS TAX AND SURCHARGE OUTSTANDING | |
|---|---|---|---|
| 0 | EXCLUYE INTERESES EXCLUDING INTEREST | 0 | EXCLUYE INTERESES EXCLUDING INTEREST |

EL PAGO SE PUEDE HACER POR CORREO USANDO EL SOBRE ADJUNTO O EN CUALQUIER INSTITUCION FINANCIERA PARTICIPANTE.
PAYMENT CAN BE MADE BY MAIL USING THE ENCLOSED ENVELOPE OR AT SELECTED FINANCIAL INSTITUTIONS.

PARA PAGOS POR CORREO HAGALO A FAVOR DEL C R I M
FOR PAYMENT BY MAIL MAKE REMITTANCE PAYABLE TO CRIM.

**CUPON DE PAGO**

| FECHA VENCIMIENTO DUE DATE | AÑO FISCAL BILL YEAR |
|---|---|
| 01/07/2011 | 2011-2012 02 |

| NUMERO DE CATASTRO / PIN NUMBER | |
|---|---|
| 063-041-167-12-001 | |

**REGULAR**
**2011-2012**

MUNICIPIO / MUNICIPALITY   **79 SAN JUAN**

PARA CAMBIO DE DIRECCION VEA EL DORSO
SEE REVERSE SIDE FOR CHANGE OF ADDRESS

REC

| | FECHA · DATE | CANTIDAD ADEUDADA AMOUNT DUE | IMPORTE PAGADO AMOUNT PAID |
|---|---|---|---|
| HASTA / BY | 31/01/2012 | 10,890.04 | |
| HASTA / BY | 01/03/2012 | 11,495.04 | |
| HASTA / BY | 31/03/2012 | 12,100.04 | |

Puede realizar su pago a través de nuestra página de internet www.crimpr.net o llamando a nuestro sistema de pagos automatizados al 787-625-0060.

Online Payments by www.crimpr.net or call our interactive voice response payments system (IVR) at 787-625-0060.

1668-110

NATIONAL PROMOTERS AND SERV
PO BOX 366107
SAN JUAN  PR 00936-6107

20 20 22   02150 2118   063041167120011   1

NATIONAL PROMOTERS AND SERVICES INC

0124
101-201/212

28-03-2012   Fecha
Date

Páguese a la orden de
Pay to the order of        CRIM                                    $112,100.04

THE SUM 12T00 *04

BANCO POPULAR
BANCO POPULAR DE PUERTO RICO

Para Catastro 063-041-167-12-001
For

NP

**NATIONAL PROMOTERS AND SERVICES, INC.**
425 AVENIDA MUÑOZ RIVERA
SAN JUAN, PUERTO RICO 00918

BANCO POPULAR DE PUERTO RICO
POPULAR CENTER
101-201/215

1108

1–marzo–2013

PAY TO THE
ORDER OF ___ CRIM ___

$*641.31****

DOLLARS

MEMO Catastro 063–051–259–09–309

AUTHORIZED SIGNATURE

⑈001108⑈ ⑆021502011⑆ 030⑈836018⑈

Invierte en ti
CRIM

Apt'
Centro

GOBIERNO DE PUERTO RICO
**CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES**
Notificación y Requerimiento de Pago De La Contribución Sobre la Propiedad Inmueble
Notification and Demand for Payment of Real Property Tax

2013 MAR -1 PM    CRIM - RECIBIDO

| REGULAR - BANCO 2012-2013 | | FECHAS / DATES | | |
|---|---|---|---|---|
| | | FECHA DE NOTIFICACION NOTIFICATION DATE | FECHA DE VENCIMIENTO DUE DATE | |
| NUMERO DE CATASTRO / PIN NUMBER 063-051-259-09-309 | AÑO FISCAL / BILL YEAR 2012-2013 02 | 01/07/2012 | 01/01/2013 | |
| | MUNICIPIO / MUNICIPALITY 79 SAN JUAN | TASACION Y CONTRIBUCION SOBRE LA PROPIEDAD INMUEBLE | ASSESMENT AND TAX AMOUNT FOR REAL PROPERTY | |
| SEGURO SOCIAL / SOCIAL SECURITY XXX-XX-1725 | BANCO / BANK | NUMERO DE PRESTAMO / LOAN NUMBER | TIERRAS / LAND 660 | EXONERACION / EXONERATION 0 |
| TIPO / RATE 10.330 | DIST. ESPECIAL / SPECIAL DISTRICT | ESTRUCTURAS / STRUCTURES 12,410 | VALOR NETO TRIBUTABLE NET TAXABLE VALUE 13,070 | |
| USO / USE 1001 | CABIDA / LAND SIZE 24.23M | MAQUINARIA / MACHINERY 0 | CONTRIBUCION / TAX AMOUNT 1er SEMESTRE 675.07 | |
| NOMBRE: NAME: NATIONAL PROMOTERS AND SERV | | VALOR TOTAL / TOTAL VALUE 13,070 | CONTRIBUCION / TAX AMOUNT 2do SEMESTRE 675.06 | |
| LOCALIZACION: . APTO 507 RIO PIEDRAS . COND EL LOCATION ADDRESS: CENTRO II SAN JUAN | | EXENCION / EXEMPTION 0 | CONT. ANUAL/ANNUAL TAX 1,350.13 | |
| | | VALOR TRIBUTABLE / TAXABLE VALUE 13,070 | * SEE IMPORTANT INFORMATION ON THE BACK * VEA INFORMACION AL DORSO | |

Favor de comunicarse con su banco hipotecario antes de efectuar el pago. En el caso en que el banco no pague las contribuciones, es su responsabilidad pagarlas. Debe incluir el talonario de la notificación con su pago debidamente identificado.

A partir de 91 días después de la fecha de vencimiento se computarán intereses y después de 120 días de la fecha de vencimiento se computarán recargos. Contribución de años anteriores no aparece en ésta factura.

| CONTRIBUCION ADEUDADA / AÑO CORRIENTE / CURRENT TAX DUE | |
|---|---|
| FECHA / DATE | CANTIDAD ADEUDADA / AMOUNT DUE |
| HASTA / BY   31/01/2013 | 607.56 |
| HASTA / BY   02/03/2013 | 641.31 ✓ |
| HASTA / BY   01/04/2013 | 675.06 |

1108          64131

| PRINCIPAL Y RECARGOS DEL AÑO CORRIENTE CURRENT TAX AND SURCHARGE OUTSTANDING | PRINCIPAL Y RECARGOS DE AÑOS ANTERIORES PRIOR YEARS TAX AND SURCHARGE OUTSTANDING |
|---|---|
| EXCLUYE INTERESES EXCLUDING INTEREST 0 | EXCLUYE INTERESES EXCLUDING INTEREST 0 |

EL PAGO SE PUEDE HACER POR CORREO USANDO EL SOBRE ADJUNTO O EN CUALQUIER INSTITUCION FINANCIERA PARTICIPANTE.
PAYMENT CAN BE MADE BY MAIL USING THE ENCLOSED ENVELOPE OR AT SELECTED FINANCIAL INSTITUTIONS.

**NATIONAL PROMOTERS AND SERVICES, INC.**
425 AVENIDA MUÑOZ RIVERA
SAN JUAN, PUERTO RICO 00918

BANCO POPULAR DE PUERTO RICO
POPULAR CENTER
101-201/215

1001

20—julio—2012

PAY TO THE
ORDER OF        CRIM                                    $*607.57***

The sum 607 & 57 CTS

_____ DOLLARS

MEMO      063—051—259—09—309

AUTHORIZED SIGNATURE

⑈001001⑈ ⑈021502011⑈ 030⑈836018⑈

---

Invierte en ti
CRIM
CENTRO de RECAUDACION de
INGRESOS MUNICIPALES

N A P R O

CRI/001

607.57

GOBIERNO DE PUERTO RICO
CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES
Notificación y Requerimiento De Pago De La Contribución Sobre La Propiedad Inmueble
Notification and Demand for Payment of Real Property Tax

2012 JUL 23 AM 9: 58

| REGULAR - BANCO 2012-2013 | | FECHA DE NOTIFICACION / NOTIFICATION DATE | FECHA DE VENCIMIENTO / DUE DATE |
|---|---|---|---|
| | | 01/07/2012 | 01/07/2012 |

| NUMERO DE CATASTRO / P/N NUMBER | AÑO FISCAL / BILL YEAR | TASACION Y CONTRIBUCION SOBRE LA PROPIEDAD INMUEBLE | ASSESSMENT AND TAX AMOUNT FOR REAL PROPERTY |
|---|---|---|---|
| 063-051-259-09-309 | 2012-2013 01 | TIERRAS / LAND | EXONERACION / EXONERATION |
| | MUNICIPIO / MUNICIPALITY | 660.00 | 0.00 |
| SEGURO SOCIAL / SOCIAL SECURITY | 79 SAN JUAN | | |
| | BANCO / BANK   NUMERO DE PRESTAMO / LOAN NUMBER | ESTRUCTURAS / STRUCTURES | VALOR NETO TRIBUTABLE NET TAXABLE VALUE |
| XXX-XX-1725 | | 12,410.00 | 13,070.00 |
| TIPO / RATE | DIST. ESPECIAL / SPECIAL DISTRICT | MAQUINARIA / MACHINERY | CONTRIBUCION / TAX AMOUNT 1er SEMESTRE |
| 10.330 | | 0.00 | 675.07 |
| USO / USE | CABIDA / LAND SIZE | VALOR TOTAL / TOTAL VALUE | CONTRIBUCION / TAX AMOUNT 2do SEMESTRE |
| 1001 | 24.23M | 13,070.00 | 675.06 |

NOMBRE:
NAME: **NATIONAL PROMOTERS AND SERV**

| | EXENCION / EXEMPTION | CONT. ANUAL / ANNUAL TAX |
|---|---|---|
| LOCALIZACION LOCATION ADDRESS: APTO 507 RIO PIEDRAS COND EL CENTRO II SAN JUAN | 0.00 | 1,350.13 |
| | VALOR TRIBUTABLE / TAXABLE VALUE | * SEE IMPORTANT INFORMATION ON THE BACK * VEA INFORMACION AL DORSO |
| | 13,070.00 | |

Favor de comunicarse con su banco hipotecario antes de
efectuar el pago. En el caso en que el banco no pague las
contribuciones, es su responsabilidad pagarlas. Debe incluir el
talonario de la notificacion con su pago debidamente
identificado.

A partir de 91 dias despues de la fecha de vencimiento se
computaran intereses y despues de 120 dias de la fecha de
vencimiento se computaran recargos. Contribucion de anos
anteriores no aparece en esta factura.

| CONTRIBUCION ADEUDADA / AÑO CORRIENTE / CURRENT TAX DUE | |
|---|---|
| FECHA / DATE | CANTIDAD ADEUDADA / AMOUNT DUE |
| HASTA / BY    31/07/2012 | 607.57 |
| HASTA / BY    30/08/2012 | 641.32 |
| HASTA / BY    29/09/2012 | 675.07 |

| PRINCIPAL Y RECARGOS DEL CORRIENTE CURRENT TAX AND SURCHARGE OUTSTANDING | PRINCIPAL Y RECARGOS DE AÑOS ANTERIORES PRIOR YEARS TAX AND SURCHARGE OUTSTANDING |
|---|---|
| 0    EXCLUYE INTERESES EXCLUDING INTEREST | 0    EXCLUYE INTERESES EXCLUDING INTEREST |

EL PAGO SE PUEDE HACER POR CORREO USANDO EL SOBRE ADJUNTO O EN CUALQUIER INSTITUCION FINANCIERA PARTICIPANTE.
PAYMENT CAN BE MADE BY MAIL USING THE ENCLOSED ENVELOPE OR AT SELECTED FINANCIAL INSTITUTIONS.

QBE | OPTIMA
INSURANCE COMPANY

Q B E   O P T I M A   I N S U R A N C E   C O M P A N Y

PO BOX 195500     SAN JUAN, PR 00919-5500

## COMMON POLICY DECLARATIONS
### DECLARATIONS

| | |
|---|---|
| | **POLICY NO. 55-CP-000030790-2/000** |

ACCOUNT NUMBER:

| NAMED INSURED AND MAILING ADDRESS | AGENCY AND MAILING ADDRESS | 1 |
|---|---|---|
| NATIONAL PROMOTERS AND SERVICES, INC<br>PO BOX 366107<br>SAN JUAN PR 00936-6107 | COLONIAL INS. SAN JUAN<br>1101 AVE MUNOZ RIVERA<br>SAN JUAN PR   00925 | |

POLICY PERIOD: From 11/13/2012 to 11/13/2013 12:01 A.M. AT THE INSURED'S MAILING ADDRESS
THE NAMED INSURED IS :   CORPORATION          BUSINESS DESC :

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF
THIS POLICY, WE AGREE WITH YOU TO PROVIDE INSURANCE AS STATED IN THIS
POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A
PREMIUM IS INDICATED.   THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| COMMERCIAL PROPERTY | 8,743 |
| COMMERCIAL GENERAL LIABILITY | 581 |
| COMMERCIAL CRIME | NOT COVERED |
| COMMERCIAL INLAND MARINE | 100 |
| ESTIMATED TOTAL PREMIUM | $9,424 |
| POLICY FEE | |
| GRAND TOTAL | $9,424.00 |

| PREMIUM SHOWN IS PAYABLE: | $9,424 AT INCEPTION; | 1ST ANNIVERSARY; | 2ND ANNIVERSARY |
|---|---|---|---|

| AMOUNT DUE THIS INVOICE | $9,424 |
|---|---|

FORMS AND ENDORSEMENTS APPLICABLE TO ALL COVERAGE PARTS
IL0136 (05-04)   IL0985 (01-08)   IL0017 (11-98)   OPT0002(09/05)   IL0020 (11-85)   ILN001 (09-03)

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.
COLONIAL INS. SAN JUAN                                    COLONIAL INS. SAN JUAN

COUNTERSIGNED AT: SAN JUAN, PR

BY: _____
AUTHORIZED REPRESENTATIVE

11-30-12          ACM  ACOLO

Insured's Copy
Page   1 of     8

**QBE | OPTIMA**
INSURANCE COMPANY

Q B E    O P T I M A    I N S U R A N C E    C O M P A N Y
PO BOX 195500    SAN JUAN, PR 00919-5500

## COMMERCIAL PROPERTY
### DECLARATIONS

POLICY NO. 55-CP-000030790-2/000

**ACCOUNT NUMBER:**
**NAMED INSURED AND MAILING ADDRESS**            **AGENCY AND MAILING ADDRESS**            1

NATIONAL PROMOTERS AND SERVICES, INC
PO BOX 366107
SAN JUAN PR 00936-6107

COLONIAL INS. SAN JUAN
1101 AVE MUNOZ RIVERA
SAN JUAN PR   00925

POLICY PERIOD:   From 11/13/2012 to 11/13/2013 12:01 A.M. AT THE INSURED'S MAILING ADDRESS

PREM. NO.  1   BLDG. NO.  1
425 MUNOZ RIVERA AVE. HATO REY, SAN JUAN PR
ON A TWO STORIES CONCRETE BUILDING OCCUPIED AS THE INSURED'S  OFFICE & PRINTING SHOP ON THE
FIRST FLOOR & VACANT ON THE SECOD FLOOR, LOCATED ON THE ABOVE MENTIONED ADDRESS.

## COVERAGES PROVIDED
INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE IS SHOWN

| COVERAGE | CAUSE OF LOSS | DED $ | COINS | LIMIT OF INSURANCE $ |
|---|---|---|---|---|
| BUILDING | SPECIAL-Incl theft | 250 | 100% | 2,000,000 |
| AGREED VALUE:  $  2,000,000 | EXP DATE: 11-13-13 | | | |
| AGREED VALUE:  $  2,000,000 | EARTHQUAKE | 5% | 100% | 2,000,000 |
| BUSINESS PERSONAL PROPERTY | | | | |
| | SPECIAL-Incl theft | 250 | 100% | 150,000 |
| AGREED VALUE:  $   150,000 | THEFT COVERAGE | 250 | LIMITED TO | 150,000 |
| AGREED VALUE:  $   150,000 | EXP DATE: 11-13-13 | | | |
| AGREED VALUE:  $   150,000 | EARTHQUAKE | 5% | 100% | 150,000 |
| BUSINESS INCOME - INCLUDING RENTAL VALUE | | | | |
| BUSINESS INCOME WITH EXTRA EXPENSE | SPECIAL-Incl theft | MAX PERIOD OF INDEMNITY | | 120,000 |
| AGREED VALUE:  $   120,000 | EXP DATE: 11-13-13 | | | |
| AGREED VALUE:  $   120,000 | EARTHQUAKE | | | 120,000 |
| GLASS COVERAGE | | NIL | | |
| GLASS COVERAGE IS AFFORDED UNDER THIS  SECTION ON A BLANKET BASIS. | | | | |

## OPTIONAL COVERAGES

BUILDING: REPLACEMENT COST            PERSONAL PROPERTY: REPLACEMENT COST            - INCLUDING STOCK
WINDSTORM & HAIL DEDUCTIBLE: 2%
**FOR $ AMOUNT OF WINDSTORM OR HAIL AND EARTHQUAKE DEDUCTIBLES, SEE
'SCHEDULE OF DEDUCTIBLES'.**

**QBE | OPTIMA** INSURANCE COMPANY

Q B E   O P T I M A   I N S U R A N C E   C O M P A N Y

PO BOX 195500     SAN JUAN, PR 00919-5500

## COMMERCIAL PROPERTY
### DECLARATIONS

| POLICY NO. 55-CP-000030790-2/000 |
|---|

**ACCOUNT NUMBER:**

**NAMED INSURED AND MAILING ADDRESS**          **AGENCY AND MAILING ADDRESS**          1

| NATIONAL PROMOTERS AND SERVICES, INC<br>PO BOX 366107<br>SAN JUAN PR 00936-6107 | COLONIAL INS. SAN JUAN<br>1101 AVE MUNOZ RIVERA<br>SAN JUAN PR  00925 |
|---|---|

POLICY PERIOD:   From 11/13/2012 to 11/13/2013 12:01 A.M. AT THE INSURED'S MAILING ADDRESS

**MANUSCRIPT FORMS:**

OPT1003(06/07) - EQUIPMENT BREAKDOWN COVERAGE
            DED $250                                          LIMIT OF INSURANCE     $2,270,000
OPT0001(10/05) - OPTIMA COMPREHENSIVE ENDORSEMENT

| **TOTAL PROPERTY PREMIUM** | **$8,743** |
|---|---|

**MORTGAGE HOLDERS:**                                    **APPLY TO:**
ID:       17      LOAN #
FIRST BANK                                               PREM 1 BLDG 1

PO BOX 9146
SAN JUAN       PR 00908 0146

TERRORISH EXCLUSION APPLIES - TERRORISM INSURANCE ACT REJECTED

**FORMS AND ENDORSEMENTS**

APPLYING TO COMMERCIAL PROPERTY COVERAGE PART AND MADE PART OF THIS POLICY AT TIME OF ISSUE:

| CP0090 (07-88) | CP0117 (12-90) | IL0935 (08-98) | CP0175 (07-06) | CP0010 (10-90) | CP1030 (10-90) |
|---|---|---|---|---|---|
| CP0299 (11-85) | CP1042 (05-01) | CP0030 (10-90) | CP1515 (07-88) | CP0015 (07-88) | IL0941 (01-02) |
| IL0953 (01-08) | OPT1003(06/07) | OPT0001(10/05) | CP0330 (04/09) | CP1032 (08-08) | CPN001 (11-05) |
| IL0030 (01-06) | IL0031 (01-06) | IL0985 (01-08) | | | |

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS,
COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

COLONIAL INS. SAN JUAN                              COLONIAL INS. SAN JUAN

COUNTERSIGNED AT: SAN JUAN, PR                      BY: _____

                                                   AUTHORIZED REPRESENTATIVE